UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LETICIA NAVARRO,<br><br>             Plaintiff,<br><br>    v.<br><br>IMMIGRATION AND CUSTOMS ENFORCEMENT, DEPARTMENT OF HOMELAND SECURITY (ICE), DEREK BENNER, an individual, and JOSE M. GARCIA, an individual<br><br>             Defendants. | Case No.: 3:18-cv-2908-BEN-NLS<br><br>**ORDER:**<br><br>**(1) GRANTING SECRETARY'S MOTION TO DISMISS [Doc. 10] and**<br><br>**(2) GRANTING SECRETARY'S EX PARTE MOTION TO SET ASIDE ENTRY OF DEFAULT [Doc. 14]** |

The Secretary of Homeland Security moves to dismiss Plaintiff Leticia Navarro's Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In addition, the Secretary moves *ex parte* to set aside the Clerk's entry of default against two United States officers, Derek Benner and Jose Garcia. For the following reasons, the Secretary's motion to dismiss and *ex parte* motion to set aside the Clerk's entry of default are **GRANTED**.

## I.     BACKGROUND[1]

Plaintiff Leticia Navarro is a Hispanic woman who works as a Group Supervisor (GS-14) for Immigration and Customs Enforcement ("ICE"). On May 15, 2012, ICE

---

[1] On a motion to dismiss, the Court accepts as true the factual allegations set forth in the Complaint and reasonably construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

1

announced a "Merit Promotion Opportunity" for a GS-15 position. Plaintiff applied for the position and was one of seven individuals interviewed.

Derek Benner was the "Selecting Official" for the position and appointed a three-person panel to rank and assess the applicants. The panelists ranked Plaintiff fifth, lower than the Hispanic male applicant. After the retiring official for the open position retired, Benner and another ICE supervisor, Jose Garcia, removed Plaintiff from her position as acting supervisor of her department.

Plaintiff filed her Complaint against Immigration and Customs Enforcement of the Department of Homeland Security ("ICE"), as well as Benner and Garcia. She alleges Defendants did not select her for the promotion position because of her national origin and sex. In addition, she alleges Defendants retaliated against her because two members of the selection panel knew of her past Equal Employment Opportunity complaints against ICE. She brings each of her three claims against the three defendants as follows: Count 1 – Racial Discrimination and Denial of Equal Rights Under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981; Count 2 – Retaliation for Prior EEO Activity under Title VII;[2] and Count 3 – Intentional Infliction of Emotional Distress ("IIED").

## II. DISCUSSION

**A. Motion to Dismiss**

The Secretary of the Department of Homeland Security ("the Secretary") moves under Rules 12(b)(1) and 12(b)(6) to dismiss Plaintiff's Complaint, arguing both that Title VII is the exclusive avenue of relief for Plaintiff's claims and the Secretary is the only proper defendant. The Court agrees. Plaintiff's Complaint fails to state a claim under Rule 12(b)(6).[3]

---

[2] Plaintiff's Complaint asserts two "Third Cause[s] of Action." Thus, for clarity, the Court refers to the initial "Third Cause of Action" for Retaliation as Count 2 and to the second "Third Cause of Action" for IIED as Count 3.

[3] The Secretary's alternative jurisdictional argument under Rule 12(b)(1) appears to turn on Plaintiff's alleged failure to name the Secretary within the applicable statute of

On a motion to dismiss under Rule 12(b)(6), the Court must accept the Complaint's allegations as true and construe all reasonable inferences in favor of the nonmoving party. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). To avoid dismissal, Plaintiff's Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Here, as currently pled, Plaintiff's claims fail as a matter of law.

1. <u>Title VII Preempts Plaintiff's Section 1981 and IIED Claims</u>

First, the Secretary contends that Title VII preempts Plaintiff's Section 1981 and IIED claims.

    *a. Section 1981 Claim*

Plaintiff brings her Title VII and Section 1981 claims together in a single cause of action. [Doc. 1 at p. 7.] Thus, she alleges the same discriminatory misconduct in support of both claims—that Defendants discriminated against her because of her Mexican national origin and female sex by promoting a different applicant, instead of Plaintiff, to a supervisory position within ICE. The law is clear that Title VII provides the exclusive remedy for federal employees challenging workplace discrimination. *See Brown v. Gen. Servs. Admin.*, 425 U.S. 820 (1976) ("[Section] 717 of the Civil Rights Act of 1964, as amended, provides the exclusive judicial remedy for claims of discrimination in federal employment"); *see also, e.g., Phelps v. United States Gen. Serv. Agency*, 2008 WL 4287941, at *2 (N.D. Cal. Sep. 17, 2008) ("Title VII is the exclusive remedy for all acts of discrimination by the federal government, whether the alleged discrimination is based on race, religion, sex, national origin, or retaliation.").

---

limitations. Neither the Secretary nor Plaintiff have fully briefed the basis for that finding, however, and thus, the Court declines to consider the premature argument, particularly because Plaintiff has not even named the Secretary in her Complaint. Accordingly, the Court grants the motion to dismiss under Rule 12(b)(6).

Although not raised in Plaintiff's opposition, the Court would be remiss to not acknowledge that, by the same token, "Title VII does not preclude separate remedies for unconstitutional action *other than* discrimination based on race, sex, religion, or national origin." *White v. Gen. Serv. Admin.*, 652 F.2d 913, 917 (citing *Carlson v. Green*, 446 U.S. 14 (1980) (emphasis added)). Here, however, Plaintiff neither raises such an argument nor pleads such allegations in her Complaint. Thus, the Court finds Plaintiff's Section 1981 claims do not seek remedies for conduct other than discrimination and retaliation in federal employment. Accordingly, her Section 1981 claims are preempted by Title VII and are dismissed.

### *b. Intentional Infliction of Emotional Distress Claim*

In support of her IIED claim, Plaintiff similarly asserts that she suffered emotional distress because of Defendants' allegedly discriminatory and retaliatory promotion decision. Again, Title VII preempts such claims insofar as they seek redress for employment discrimination. *See Brown*, 425 U.S. at 829-32. Still, "Title VII remedies may be supplemented by state law tort claims when the alleged violations have gone beyond discrimination in the workplace and involve physical or emotional injuries that are highly personal." *Sommartino v. United States*, 255 F.3d 704, 711 (9th Cir. 2001). For that exception to apply, however, the alleged misconduct must be "highly personal," such as rape, assault, or physical abuse. *See, e.g., Brock v. United States*, 64 F.3d 1421, 1423–24 (9th Cir. 1995) (plaintiff alleged she was forced to share sleeping accommodations with her supervisor and was raped); *Arnold v. United States*, 816 F.2d 1306, 1312 (9th Cir. 1987) (plaintiff alleged supervisor fondled her, kissed her, and made sexual advances toward her); *Otto v. Heckler*, 781 F.2d 754, 758 (9th Cir. 1986) (plaintiff alleged her supervisor followed her, defamed her, harassed her with phone calls, intruded into her married life, and caused

her to suffer a miscarriage). Plaintiff alleges no such "highly personal" conduct here. Accordingly, her IIED claim is dismissed.[4]

### 2. ICE, Benner, and Garcia Are Not Proper Defendants

The Secretary additionally argues that Plaintiff's claims must be dismissed because ICE, Benner, and Garcia are not proper defendants under 42 U.S.C. § 2000e-16. As discussed above, Plaintiff's action is one for discrimination and retaliation under Title VII. "In a Title VII action, the proper defendant is the head of the department, agency, or unit, as appropriate." *Sommartino v. United States*, 255 F.3d 704, 707, n. 1 (9th Cir. 2001). Put another way, the "agency itself is not a proper defendant." *Parker v. Shinseki*, 2013 WL 12202711, at *6 (C.D. Cal. Sep. 17, 2013); *see also* § 2000e-16 ("[T]he head of the department, agency, or unit, as appropriate, shall be the defendant"). Accordingly, ICE is dismissed with prejudice.

As to individually named Defendants Benner and Garcia, "Title VII does not provide a cause of action for damages against supervisors or fellow employees." *Holly D. v. Cal. Ins. of Tech.*, 339 F.3d 1158, 1179 (9th Cir. 2003). Plaintiff offers no argument to the contrary. Therefore, Plaintiff's Title VII claims against Benner and Garcia are dismissed with prejudice. *See also Greenlaw v. Garrett*, 59 F.3d 994, 1001 (9th Cir. 1995) (affirming dismissal of individually named supervisor defendant because "[u]nder Title VII there is no personal liability for employees, including supervisors").

---

[4] The same reasoning applies, even to the extent Plaintiff contends her IIED claim is brought under the Federal Tort Claims Act. *See, e.g., Colgan v. Mabus*, 2012 WL 2061686, at *5-6 (S.D. Cal. June 6, 2012) (granting motion to dismiss violation of FTCA claim because plaintiff's allegations did not rise to the requisite level of "highly offensive" personal violations). Moreover, as the Secretary alternatively argues, Plaintiff's FTCA claim would also be barred because of her failure to comply with the FTCA's administrative requirements. *See Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985) ("The [administrative] claim requirement of section 2675 is jurisdictional in nature and may not be waived.").

5

3:18-cv-2908-BEN-NLS

In sum, the Secretary's motion to dismiss is GRANTED, and Plaintiff's Complaint is dismissed without prejudice. When deciding whether to re-file her lawsuit, Plaintiff would do well to heed our Ninth Circuit jurisprudence on the parameters within which an individual may sue the federal government under Title VII. *See, e.g., Mahoney v. U.S. Postal Svc.*, 884 F.2d 1194, 1195 (9th Cir. 1989) (citing *Jordan v. Clark*, 847 F.2d 1386, 1372 (9th Cir. 1877), *cert. denied*, 488 U.S. 1006 (1989)) ("Failure to name the proper defendant within the limitations period deprives the district court of jurisdiction over the matter.").

### B. Motion to Set Aside Clerk's Entry of Default Against Benner and Garcia

On April 17, 2019, after the Secretary filed the instant motion to dismiss on April 8, 2019, Plaintiff requested that the Clerk enter default against Benner and Garcia. The next day, the Clerk entered default. The following day, on April 19, 2019, the Secretary moved *ex parte* to set aside the default.

Here, the Court has dismissed with prejudice both Benner and Garcia, which seemingly moots the motion to set aside default. Nonetheless, the Court considers the standard for setting aside default under Rule 55(c). "The court may set aside any entry of default for good cause." Fed. R. Civ. P. 55(c). To determine "good cause," a court must consider three factors: (1) whether the defendant had a meritorious defense; (2) whether reopening the default judgment would prejudice the other party; and (3) whether the defendant engaged in culpable conduct that led to the default. *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984); *see also United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (noting the same three "good cause" factors are applied to motions under both Rule 55(c) and Rule 60(b)). Importantly, "judgment by default is a drastic step appropriate only in extreme circumstances . . . [and] a case should, whenever possible, be decided on the merits." *Falk*, 739 F.2d at 463.

Applying the factors to this case, the Court finds good cause to set aside the default. First, as the Court has already addressed, Benner and Garcia have a meritorious defense— there is no individual liability under Title VII. Second, Plaintiff offers no evidence that

6

3:18-cv-2908-BEN-NLS

In sum, the Secretary's motion to dismiss is GRANTED, and Plaintiff's Complaint is dismissed without prejudice. When deciding whether to re-file her lawsuit, Plaintiff would do well to heed our Ninth Circuit jurisprudence on the parameters within which an individual may sue the federal government under Title VII. *See, e.g., Mahoney v. U.S. Postal Svc.*, 884 F.2d 1194, 1195 (9th Cir. 1989) (citing *Jordan v. Clark*, 847 F.2d 1386, 1372 (9th Cir. 1877), *cert. denied*, 488 U.S. 1006 (1989)) ("Failure to name the proper defendant within the limitations period deprives the district court of jurisdiction over the matter.").

### B. Motion to Set Aside Clerk's Entry of Default Against Benner and Garcia

On April 17, 2019, after the Secretary filed the instant motion to dismiss on April 8, 2019, Plaintiff requested that the Clerk enter default against Benner and Garcia. The next day, the Clerk entered default. The following day, on April 19, 2019, the Secretary moved *ex parte* to set aside the default.

Here, the Court has dismissed with prejudice both Benner and Garcia, which seemingly moots the motion to set aside default. Nonetheless, the Court considers the standard for setting aside default under Rule 55(c). "The court may set aside any entry of default for good cause." Fed. R. Civ. P. 55(c). To determine "good cause," a court must consider three factors: (1) whether the defendant had a meritorious defense; (2) whether reopening the default judgment would prejudice the other party; and (3) whether the defendant engaged in culpable conduct that led to the default. *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984); *see also United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (noting the same three "good cause" factors are applied to motions under both Rule 55(c) and Rule 60(b)). Importantly, "judgment by default is a drastic step appropriate only in extreme circumstances . . . [and] a case should, whenever possible, be decided on the merits." *Falk*, 739 F.2d at 463.

Applying the factors to this case, the Court finds good cause to set aside the default. First, as the Court has already addressed, Benner and Garcia have a meritorious defense— there is no individual liability under Title VII. Second, Plaintiff offers no evidence that

6

3:18-cv-2908-BEN-NLS

setting aside the default will somehow prejudice her, particularly where her claims against Benner and Garcia are not cognizable.  Finally, the Court finds that because Benner and Garcia were not properly served under Federal Rules of Civil Procedure 4(i)(3) and 4(i)(l), they did not engage in culpable conduct by failing to answer.  *See* Fed. R. Civ. P. 4(i)(3) and 4(i)(l) (requiring that, in individual-capacity claims against government employees, the plaintiff "must serve the United States" and the individual employee, and to serve the United States, the plaintiff must serve the United States Attorney *and* the United States Attorney General in Washington D.C.).

Plaintiff's arguments in opposition do not warrant a different outcome.  First, the Court is not persuaded by Plaintiff's unsupported contention that the Secretary's motion must fail because it is an *ex parte* motion.  *See, e.g., Hawkins v. Bank of America, N.A.*, 2018 WL 3426218 (S.D. Cal. July 16, 2018) (granting defendant's *ex parte* motion to set aside the entry of default).  Second and contrary to Plaintiff's argument, the Secretary has standing to challenge the entry of default against Benner and Garcia, particularly because Plaintiff's Complaint alleges all defendants are agents of one another and "collectively responsible" for Plaintiff's alleged harms.  *See, e.g.,* [Doc. 1 at ¶¶ 5, 6, 8]; *see also, e.g., Sack v. Seid*, 2002 WL 31409573, at *2 (N.D. Ill. Oct. 24, 2002) (appearing defendant had standing to challenge entry of default against non-appearing defendants); *Rodriguez v. Irwin*, 2011 WL 737316, at *4 (E.D.N.C. Feb. 23, 2011) (holding one defendant had standing to challenge entry of default against other two defendants because plaintiff alleged that all defendants acted jointly and as each other's agents).  The Secretary's *ex parte* motion to set aside the Clerk's entry of default is GRANTED.[5]

---

[5] Moreover, a default judgment may only be entered against the United States, its officers, or its agencies "if the claimant establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d).  As already discussed, Plaintiff's Complaint fails to state a claim against either of the individual defendants.  Accordingly, a default judgment against them, as officers of the United States, would be inappropriate.

7

3:18-cv-2908-BEN-NLS

### III. CONCLUSION

For the previous reasons, the Secretary's Motion to Dismiss and *Ex Parte* Motion to Set Aside the Clerk's Entry of Default Judgment are **GRANTED**. Specifically, the Court **DISMISSES with prejudice**:

    a. Defendants ICE, Benner, and Garcia;

    b. Plaintiff's Section 1981 Claims; and

    c. Plaintiff's IIED Claim.

The Court grants Plaintiff leave to amend her Complaint to name a proper party-defendant by no later than 14 days of the date of this Order.

    **IT IS SO ORDERED.**

Dated: May 12, 2019

**HON. ROGER T. BENITEZ**
United States District Judge