FILED
NOV 05 2019
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY            DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LETICIA NAVARRO,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN MCALEENAN, ACTING SECRETARY, UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendant. | Case No.: 3:18-cv-2908-BEN-NLS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**<br>**[Doc. 31]** |

Defendant Kevin McAleenan, Acting Secretary of the United States Department of Homeland Security, moves to dismiss Plaintiff Leticia Navarro's Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for her failure to name him as the proper defendant within the applicable statute of limitations period. For the following reasons, the motion to dismiss is **GRANTED**.

# I. BACKGROUND[1]

Plaintiff Leticia Navarro is a Hispanic woman who works as a Group Supervisor (GS-14) for Immigration and Customs Enforcement ("ICE"). On May 15, 2012, ICE announced a "Merit Promotion Opportunity" for a GS-15 position. Plaintiff applied for the position and was one of seven individuals interviewed. One of Plaintiff's supervisors was the "Selecting Official" for the position and appointed a three-person panel to rank and assess the applicants. The panelists ranked Plaintiff fifth, lower than the Hispanic male applicant. After the official for the open position retired, Plaintiff was removed from her position as acting supervisor of her department.

Plaintiff claims she was not selected for the promotion because of her national origin and sex. She further alleges that two members of the selection panel discriminated against her because they were aware of her past EEO complaints against the Agency. Following an Administrative Judge's denial of Plaintiff's claims, Plaintiff appealed to the Equal Employment Opportunity Commission ("EEOC"). On October 18, 2018, the EEOC affirmed the Administrative Judge's decision, finding that Plaintiff did not establish her qualifications were "plainly superior to those of the selectee" and that there was no evidence showing "prior EEO activity or lack thereof of the candidates played any role in the final determination." Ex. A to Complaint at 5-6.

On December 29, 2018, Plaintiff filed the present lawsuit against ICE and her two supervisors. Doc. 1. On May 13, 2019, the Court dismissed Plaintiff's Complaint because she failed to state a claim, did not name the proper defendant, and did not properly serve her Complaint. Doc. 23. The Court's dismissal order cautioned that should Plaintiff "re-file her lawsuit, [she] would do well to heed our Ninth Circuit jurisprudence on the

---

[1] On a motion to dismiss, the Court accepts as true the factual allegations set forth in the Complaint and reasonably construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

parameters within which an individual may sue the federal government under Title VII." *Id.* at 6. In addition, the Court expressly declined to decide whether Plaintiff's lawsuit was barred by the applicable statute of limitations, finding the issue premature because it had not been fully briefed by the parties. *Id.* at 2, n.3.

On May 20, 2019, Plaintiff filed a First Amended Complaint against "James M. Murray, Secretary, United States Department of Homeland Security."[2] Doc. 24. On May 21, 2019, Plaintiff filed a Second Amended Complaint against "Kevin M. McAleenan, Acting Secretary of the Department of Homeland Security," instead. Doc. 26. The next day, Plaintiff withdrew both her First and Second Amended Complaints and replaced them with an "Amended Complaint," Doc. 29. Docs. 27-28. In her Amended Complaint, Plaintiff brings claims for discrimination and retaliation under Title VII against Kevin M. McAleenan.

## II. DISCUSSION

Kevin McAleenan, Acting Secretary of the Department of Homeland Security ("the Secretary"), moves to dismiss Plaintiff's Amended Complaint, arguing that Plaintiff's failure to timely name him as the proper defendant bars her action as a matter of law. The Court agrees: the Amended Complaint is untimely and cannot be saved under Rule 15(c)'s relation back doctrine or by equitable tolling.

**A. Timeliness**

Under 42 U.S.C. § 2000e-5(f)(1), a claimant challenging an EEOC dismissal has 90 days to bring her civil action in district court.[3] "The requirement for filing a Title VII civil

---

[2] The Court notes that Mr. Murray is the Director of the United States Secret Service, not the Secretary of the DHS. *See* www.secretservice.gov/about/leadership.

[3] The EEOC is also required to notify the claimant of the dismissal and that the claimant has 90 days from receipt of its letter to file a civil action. *See* 42 U.S.C. § 2000e-5(f)(1) (1988). The parties do not dispute the EEOC's compliance with that requirement. Indeed, Plaintiff's right-to-sue letter attached to her Complaint, Exhibit A, reflects that the EEOC informed Plaintiff of that information. *See* Ex. A at p. 7 ("You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar**

3

action within 90 days from the date the EEOC dismisses a claim constitutes a statute of limitations." *Scholar v. Pacific Bell*, 963 F.2d 264, 266-67 (9th Cir. 1992). Accordingly, "[i]f [a] claimant fails to file within [the] 90-day period, the action is barred." *Id.*

Here, the parties agree that Plaintiff had until January 16, 2019—90 days from the October 18, 2018 EEOC letter—to file a complaint naming the Secretary as the proper defendant.[4] *See* Doc. 31-1 at 5:1; Doc. 33 at 6:18. Although Plaintiff's initial Complaint was filed within the 90-day statute of limitations on December 29, 2018, it was dismissed in part because it failed to name the proper defendant; rather, it improperly named the agency, itself, and two supervisory employees. *See* Doc. 23. Plaintiff then filed a First Amended Complaint on May 20, 2019, again naming the wrong defendant—this time, the Director of the United States Secret Service. Finally, on May 21, 2019, Plaintiff filed a Second Amended Complaint properly naming as defendant the Acting Secretary of the Department of Homeland Security.

Unfortunately for Plaintiff, her May 21, 2019 Amended Complaint falls well outside of the 90-day statute of limitations, and thus, it is barred. *See Mahoney v. U.S. Postal Service*, 884 F.2d 1194, 1196 (9th Cir. 1989) ("Failure to name the proper defendant within the limitations period deprives the district court of jurisdiction over the matter."). In

---

**days** from the date that you receive this decision. . . . [Y]ou must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court.") (emphasis in original).

[4] The Court addressed the proper defendant requirement in its prior order of dismissal, explaining:

> In a Title VII action, the proper defendant is the head of the department, agency, or unit, as appropriate." *Sommartino v. United States*, 255 F.3d 704, 707, n. 1 (9th Cir. 2001). Put another way, the "agency itself is not a proper defendant." *Parker v. Shinseki*, 2013 WL 12202711, at *6 (C.D. Cal. Sep. 17, 2013) . . .

Doc. 23 at 5.

*Mahoney*, the Ninth Circuit affirmed the district court's dismissal under a similar set of facts. There, the pro se plaintiff timely filed a Title VII lawsuit against the United States Postal Service but failed to name the correct defendant, the Postmaster General. Mahoney later amended her complaint to name the Postmaster General, but she did so after the statute of limitations period had expired. The Ninth Circuit affirmed the district court's dismissal of Mahoney's complaint for lack of jurisdiction, holding that, although the original complaint was timely filed, Mahoney's claims were barred because she did not attempt to add the Postmaster General until "well after the limitations period had run." *Id.* at 1197.

As in *Mahoney*, Plaintiff did not name the proper defendant until well after the 90-day limitations period had run. *See id.* Thus, the Court must dismiss her Amended Complaint, unless she can establish either: (1) that her Amended Complaint relates back to her original December 29, 2018 Complaint under Federal Rule of Civil Procedure 15(c), or (2) the 90-day statute of limitations should be equitably tolled. As discussed below, Plaintiff establishes neither.

**B. Relation Back**

Rule 15(c)(1)(C) permits an amendment to a pleading to "relate back" to the original pleading's filing date when:

> the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i)   received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii)  knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C). Importantly, where "a United States officer or agency is added as a defendant by amendment," Rule 15(c)(1)(C)(i) and (ii)'s notice requirements "are satisfied if, during the stated period, process was delivered or mailed to the United States attorney or the United States attorney's designee, to the Attorney General of the United States, or to the officer or agency." Fed. R. Civ. P. 15(c)(1)(C)(2). "In other words, the

agency is considered to have received notice for purposes of relation back even if it was not served, so long as at least one of either the U.S. Attorney or Attorney General received delivery or mailing of process within 90 days of the original complaint being filed." *Silbaugh v. Chao*, 2018 WL 3769798, at *2 (W.D. Wash. Aug. 9, 2018).

Here, Plaintiff did not serve either the United States Attorney or the Attorney General prior to the statute of limitation's January 16, 2019 deadline. Likewise, Plaintiff did not serve the Secretary within the limitations period, despite delivering a copy of her original complaint to a local ICE supervisor on January 9, 2019. *See, e.g., Schoo v. United States Postal Service*, 865 F.2d 1259, 1988 WL 142904, at *2 (4th Cir. 1988) ("a supervisory employee of a local post office is not such an official" within the meaning of Rule 15(c)(2)); *see also Dacus v. United States Postal Service*, 1987 WL 14368, at *2 (S.D. Tex. June 15, 1987) ("Service on a local post office official is not equivalent to service on the Postmaster General."). Because Plaintiff failed to serve notice on the Secretary within the 90-day statute of limitations, her Amended Complaint does not relate back under Rule 15(c).[5]

**C. Equitable Tolling**

The doctrine of equitable tolling also cannot save Plaintiff's Amended Complaint. Because the 90-day filing period is a statute of limitations, it is subject to the doctrine of equitable tolling. *Scholar v. Pacific Bell*, 963 F.2d 264, 266-67 (9th Cir. 1992). "Equitable

---

[5] The Court notes Plaintiff's concession that, in fact, her Amended Complaint does *not* relate back to her original Complaint. Doc. 33 at 3-5. The Court is not persuaded by Plaintiff's unsupported argument that the Court's order setting a deadline by which she could file an amended complaint somehow trumps the statute of limitations or the need for her amended complaint to "relate back" to the original complaint's timely filing. Indeed, the Court's order dismissing Plaintiff's original complaint explained that it declined to resolve the timeliness of her complaint because that issue was not "fully briefed." Doc. 23 at 2, n. 3. Instead, the Court gave Plaintiff an opportunity to amend and explain why she failed to name the proper defendant in her original complaint within the statute of limitations period. Despite that opportunity, Plaintiff has not offered any justification.

tolling, however, is only applied 'sparingly,' and the court is 'much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.'" *Long v. Paulson*, 349 Fed. Appx. 145, 146 (9th Cir. 2009) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Plaintiff does not offer any justification for her failure to name the proper defendant within the 90-day period, despite being represented by a licensed attorney. Moreover, the Ninth Circuit's precedent is clear that "ordinary negligence will not justify equitable tolling." *Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003). Accordingly, Plaintiff cannot invoke equitable tolling to save her Amended Complaint. *See also, e.g., Long*, 349 Fed. Appx. at 147 (affirming district court's dismissal of Title VII complaint filed two days after the statute of limitations deadline, as well as district court's conclusion that "a garden variety claim of excusable neglect" did not warrant equitable tolling).[6]

### III. CONCLUSION

For the previous reasons, Defendant's Motion to Dismiss Plaintiff's Amended Complaint is **GRANTED**, and this action is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

Dated: November 15, 2019

HON. ROGER T. BENITEZ
United States District Judge

---

[6] Although Plaintiff suggests Defendant's motion is a "disguised summary judgment motion," the Court construes it as a motion to dismiss. *See* Doc. 33 at 11-12. The issues before this Court are legal ones and do not require it to weigh evidence or the merits of Plaintiff's factual allegations. Moreover, Plaintiff does not raise any matters outside of the pleadings.