UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LETICIA NAVARRO,<br><br>               Plaintiff,<br><br>v.<br><br>KEVIN McALEENAN, ACTING SECRETARY, UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>               Defendant. | Case No.: 3:18-cv-2908-BEN-NLS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br>**[Doc. 38]** |

Plaintiff Leticia Navarro moves the Court to reconsider its previous order granting Defendant's motion to dismiss with prejudice Plaintiff's Amended Complaint. For the following reasons, Plaintiff's motion is **DENIED**.

## I. BACKGROUND

On December 29, 2018, Plaintiff filed her employment discrimination and retaliation lawsuit under Title VII. Doc. 1. On May 13, 2019, the Court entered an order granting Defendant Secretary of Homeland Security's motion to dismiss Plaintiff's Complaint. Doc. 23. As relevant here, the Court ruled that the named defendants, U.S. Immigration and Customs Enforcement ("ICE") and Plaintiff's two supervisors, were not proper defendants under 42 U.S.C. § 2000e-16 because for purposes of a Title VII action, (1) the agency itself is not a proper defendant, and (2) there is no cause of action for damages against supervisors or fellow employees. *See* Doc. 23 at 5. The Court then dismissed Plaintiff's Complaint without prejudice, cautioning that "[w]hen deciding whether to re-

file her lawsuit, Plaintiff would do well to heed our Ninth Circuit jurisprudence on the parameters within which an individual may sue the federal government under Title VII." *Id.* at 6 (citing cases regarding requirement that plaintiff name the proper defendant within the statute of limitations). In addition, the Court expressly declined to decide whether Plaintiff's lawsuit was barred by the applicable statute of limitations, finding the issue premature because it had not been fully briefed by the parties. *Id.* at 2, n.3.

On May 20, 2019, Plaintiff filed a First Amended Complaint against "James M. Murray, Secretary, United States Department of Homeland Security." Doc. 24. Mr. Murray is the Director of the United States Secret Service, not the Department of Homeland Security. On May 21, 2019, Plaintiff filed a Second Amended Complaint against Kevin M. McAleenan, Acting Secretary of the Department of Homeland Security. Doc. 26. The next day, Plaintiff withdrew both her First and Second Amended Complaints and replaced them with an "Amended Complaint" also against McAleenan. Docs. 27-28.

On November 5, 2019, the Court dismissed Plaintiff's Amended Complaint as untimely because Plaintiff failed to bring her civil action in district court against the proper defendant within the 90-day statute of limitations, as required by 42 U.S.C. § 2000e-5(f)(1). The Court concluded that Plaintiff's failure to name the proper defendant until May 21, 2019, well outside of the 90-day statute of limitations, could not be excused either under Federal Rule of Civil Procedure 15(c)'s relation back doctrine or by equitable tolling. Doc. 36.

## II. DISCUSSION

Pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), Plaintiff moves the Court to reconsider its Order dismissing her Amended Complaint. Specifically, Plaintiff asks the Court to set aside its conclusion that Plaintiff's negligent failure to name the proper defendant within the limitations period does not, as a matter of law, justify application of the equitable tolling doctrine. For the reasons that follow, the Court finds reconsideration is not warranted.

Because Plaintiff brings her motion within 28 days after the Court's Order, it is properly analyzed as a Rule 59(e) motion. *See Schroeder v. McDonald*, 55 F.3d 454, 459 (9th Cir. 1995). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Indeed, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Life Techs. Corp. v. Illumina, Inc.*, 2012 WL 10933209, at *1 (S.D. Cal. June 11, 2012) (quoting *Kona,* 229 F.3d at 890). Moreover, motions to reconsider are not a platform to relitigate arguments and facts previously considered and rejected. *See Harrison v. Sofamor/Danek Grp., Inc.*, 1998 WL 1166044, at *3 (S.D. Cal. Sept. 15, 1998).

In support of her motion, Plaintiff does not offer any newly discovered evidence or facts warranting reconsideration. Nor does she offer any new explanation for her failure to name the proper defendant within the limitations period. Instead, her motion largely repeats the same arguments she previously made regarding excusable neglect. As the Court already held, however, a garden variety claim of excusable neglect does not justify equitable tolling, particularly where the doctrine is to be applied sparingly and only in the face of, as Plaintiff's own motion for reconsideration notes, "extreme cases." Doc. 38-1 at 5:22-23. Plaintiff's case is not an "extreme" one.

The Court is not persuaded by Plaintiff's assertion that equitable tolling should apply because she was "diligent in pursuing and prosecuting her claims." As the Court previously observed, Plaintiff conceded that the EEOC informed her in writing on October 18, 2018 that she had 90 days to file a suit against the proper defendant. Doc. 33 at 5. The EEOC's warning was clear:

> You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision. **If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court.** "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

Doc. 33 at 5 (emphasis added). Nonetheless, Plaintiff, who has been represented by legal counsel during the entirety of her lawsuit, failed to name the proper defendant within the limitations period. *See, e.g., Johnson v. Henderson*, 314 F.3d 409, 417 (9th Cir. 2002) ("Equitable tolling is unavailable to [plaintiff] because . . . she was represented by counsel in this matter from June 2000 onward. Thus . . . [plaintiff] may be charged with constructive knowledge of the law's requirements, through her attorney, during the relevant time period."). Plaintiff has not offered any new evidence to justify reconsideration of the Court's prior Order.

### III. CONCLUSION

For the previous reasons, Plaintiff's motion to reconsider is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 13, 2020

_____
**HON. ROGER T. BENITEZ**
United States District Judge